FILED

JAN 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50159 |
| Plaintiff - Appellee, | D.C. No. 3:15-cr-07030-LAB |
| v. | |
| EFRAIN ALVARADO-GUTIERREZ, a.k.a. Chibo, a.k.a. Efrain Gutierrez Alvarado, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 20, 2016[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Efrain Alvarado-Gutierrez appeals from the district court's judgment and

challenges the 12-month custodial sentence and two-year term of supervised

release imposed upon revocation of supervised release. We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm.

Alvarado-Gutierrez contends that the district court procedurally erred by failing to provide a reasoned basis for exercising its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to reject U.S.S.G. § 5D1.1(c). His reliance on *Kimbrough* is misplaced. While section 5D1.1(c) states that a district court should not ordinarily impose a term of supervised release if the defendant is a deportable alien, it also provides that supervised release may be appropriate in such cases if it will provide an added measure of deterrence. *See* U.S.S.G. § 5D1.1 cmt. n.5. The district court's decision to impose supervised release on the basis of its finding that doing so would provide an added measure of deterrence in Alvarado-Gutierrez's case was, therefore, consistent with the Guidelines.

Alvarado-Gutierrez also contends that the 12-month custodial sentence and two-year term of supervised release are substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines custodial sentence and term of supervised release are substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including the need to afford adequate deterrence. *See Gall*, 552 U.S. at 51; *United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012).

**AFFIRMED.**

15-50159